## BASS *v.* TAFT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 93. Submitted November 26, 1890. — Decided December 22, 1890.

Statutes of Kentucky, of 1869, 1870, 1872 and 1873, construed, in reference to the duty of the judge of a county court to levy an annual tax to pay the interest on bonds of the county issued in aid of the Cumberland and Ohio Railroad Company, and to appoint a collector of the tax.

A mandamus to the county judge to compel him to levy such annual tax and cause it to be collected, refused, because it appeared that he had levied the tax and appointed a person to collect it.

THE case is stated in the opinion.

*Mr. Philip B. Thompson, Jr.,* for appellant, submitted on his brief.

No appearance for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 2d of February, 1887, Harvey S. Taft, a citizen of Michigan, presented a petition for a mandamus to the Circuit Court of the United States for the District of Kentucky. The petition states that John W. Bass, the presiding judge of the county court of Taylor County, in the State of Kentucky, is a citizen of Kentucky, and that Taylor County is a municipal

corporation, created under the laws of that State, and a citizen of that State; that in the years 1881 and 1882, Taft recovered two judgments against the county of Taylor, in the Circuit Court of the United States for the District of Kentucky, one for $5974.98, with interest, and the other for $1214.96, with interest; that executions were issued on those judgments and returned "no property found;" that the judgments were rendered on coupons for the payment of interest on bonds issued by the county of Taylor in payment of its subscription to the capital stock of the Cumberland and Ohio Railroad Company; that by the statute authorizing such subscription, the county court was empowered and directed to levy annually, and cause to be collected, a tax sufficient to pay the interest on the bonds; that, for the purpose of levying and collecting such tax, the powers granted by the statute were vested in the presiding judge of the county court; that Taft had demanded of Bass that the latter cause to be levied on the taxable property, real and personal, listed for taxation in the county for the year 1887, a tax sufficient to pay the judgments and costs of collection, and that when levied he cause the tax to be collected from the taxpayers of the county; and that Bass refused to make the levy or to cause it to be collected.

The prayer of the petition was that a writ of mandamus issue to such judge, commanding him to levy on the taxable property in the county, listed for taxation for the year 1887, an *ad valorem* tax sufficient in amount to pay Taft's judgments, with costs of collection, and to cause such tax, when levied, to be collected from the taxpayers of the county and paid into court to satisfy the judgments.

The court granted an alternative writ of mandamus, returnable February 21, 1887. The command of the writ was that Bass cause to be levied and collected a tax sufficient to pay the judgments and the cost of collecting the tax, "on all the real estate and personal property in Taylor County subject to taxation under the revenue laws of the State of Kentucky, including the amounts owned by the residents of said county, which ought to be given in under the equalization laws of said State."

On the return day of the writ, the plaintiff moved the court for a peremptory writ, and the defendant filed his answer to the alternative writ.   The answer set forth that the defendant was elected judge of the county in August, 1882, and entered upon his office September 4, 1882, after the judgments in question were obtained; that, ever since his term of office began, he had caused a tax to be levied, and levied a tax, on all the real and personal property in the county subject to taxation under the revenue laws of the State, sufficient to pay all interest coupons on bonds of the county issued in aid of the Cumberland and Ohio Railroad Company, as the same accrued or became due, and sufficient to pay for the collection of the same, and sufficient to pay the plaintiff's judgments and cost of collection; that, in obedience to the alternative writ, he had, on the 7th of February, 1887, caused an order to be entered on the records of the Taylor County court, making a levy of 86½ cents on each $100 worth of all the property, both real and personal, subject to taxation under the revenue laws of Kentucky, in said county, which was shown by the assessor's book of the county to amount to $1,229,274, which levy was amply sufficient to pay the plaintiff's judgments and the cost of collection; and that he entered an order on the records of the court appointing J. P. Gaddie collector for Taylor County, who was a citizen of the county and a good and competent man, to collect such tax.   It appears by that order that the tax was levied for the purpose of paying the two judgments of the plaintiff and the cost of collection, and that it was levied on the taxable property listed and returned by the assessor of the county for the year 1887.

The answer further set forth that the office of sheriff of Taylor County was then vacant, and had been since the year 1877, and for that reason the defendant made the order appointing Gaddie collector; that the law under which the bonds of the county were issued in aid of the railroad company did not confer upon the defendant, as presiding judge of the county, power himself to collect the plaintiff's debt, or to enforce its collection, but only to levy a tax on the taxable property in the county, sufficient to pay the debt, and to

appoint a collector to collect it, if the office of sheriff was vacant; and that the defendant had fully discharged his duties in the premises as such presiding judge.

The plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defence.

On the 22d of February, 1887, the plaintiff moved the court to appoint the marshal of the District of Kentucky to execute the mandamus and to collect from the taxpayers of the county the taxes assessed and levied for the purpose of paying the plaintiff's judgments. On the next day the case came on to be heard on the last-named motion and on the demurrer to the answer, and the court entered a judgment that so much of the answer as related to the appointment of a collector was insufficient; that the demurrer to that portion of the answer was sustained; that the motion for a peremptory mandamus against the defendant in relation to the appointment of a collector to collect the levies made by the defendant and described in the answer, was sustained to that extent; that the motion for the court to appoint the United States marshal for the District of Kentucky as collector to collect from the taxpayers and taxable property of Taylor County the amounts severally assessed against them, under the terms of the special levy made in obedience to the writ of mandamus, was sustained; that the marshal was thereby appointed such collector, but such appointment would be suspended or rescinded whenever it was shown by "the said defendant, Taylor County," that it or its appointees were willing and able to execute "this judgment"; that before proceeding to execute "this judgment" the marshal must execute a bond, with sufficient sureties, to be approved by the court, payable to Taylor County, to account for all moneys collected by him under such levies; that the marshal should not proceed to act as such collector until the expiration of ninety days from that date, but if, after the lapse of that period, "the defendant" had not manifested in the meantime "its willingness and ability, through its own officials," to proceed in good faith to execute "this judgment," then the marshal should proceed without further delay to execute it, and should continue the execution thereof until it

was fully executed or until his appointment was suspended or rescinded. To review this judgment, the defendant Bass, presiding judge of the Taylor County court, has brought a writ of error, the county of Taylor not being a party to the proceeding or to such writ of error. The plaintiff has not appeared in this court by counsel.

By section 15 of the act of Kentucky of February 24, 1869, Laws of 1869, c. 1578, vol. 1, p. 470, a subscription by Taylor County to the stock of the railroad company in question was authorized, as also the issue of the bonds on which the plaintiff's judgments were founded, and the county court of the county was authorized and required to levy annually and collect by taxation upon the taxable property in the county, as listed and taxed under the revenue laws of the State, a sum sufficient to pay the interest on the bonds as it should accrue, with the cost of collecting the same, and it was also authorized to establish a sinking fund, there being a provision for exchanging the tax receipts for stock, the holders thereof to become stockholders. The railroad company was authorized to pay to the county the amount of tax levied by reason of the bonds, "and thus stop the collection of tax for that year;" and the county court was empowered to appoint collectors of the tax or to require the sheriff to collect it, the sheriff to have the same powers, and to proceed in the same way for the collection of such tax, as the sheriff in the collection of the state revenue.

By section 4 of the act of March 11, 1870, Laws of Kentucky of 1869–70, c. 610, vol. 2, p. 226, it was provided that the sheriff of the county in which the tax should be levied should collect it at the same time he collected the state revenue; and that he and his securities on his official bond should be responsible for the same, and for the same damages for the failure to collect or non-payment of the same that sheriffs were by law liable for on account of not paying over the state revenue, to be collected in the same way. By section 12 of the same act, it was provided that the county court should annually levy a tax upon all of the property in the county subject to taxation for state revenue, sufficient to pay the interest on the bonds when due and the principal thereof at maturity.

By section 4 of the act of February 13, 1872, Laws of Kentucky of 1871–72, c. 265, vol. 1, p. 318, it was provided that the sheriff of any county who should collect such taxes should pay over the same to the commissioners of the sinking fund, who should apply the taxes to pay the interest on the bonds.

By section 1 of the act of March 11, 1873, Laws of Kentucky of 1873, c. 375, vol. 1, p. 478, it was made the duty of the county court of any county that might have issued or might thereafter issue bonds in payment of subscriptions to the capital stock of the railroad company, annually, at the April or May term of the court, to levy a tax on the property of the county subject to taxation for revenue purposes, sufficient to pay one year's interest on the bonds. By section 2 of the same act it was made the duty of the sheriff to collect the tax and pay over the same to the sinking fund commissioners for the county, he and his securities on his official bond to be liable for a failure to collect or pay over the tax; with a proviso that if the county court should appoint a special collector of the tax, other than the sheriff, and such appointee should qualify, the sheriff should not be required to collect the tax for that year.

By these provisions it was made the duty of the county court to levy the tax annually to pay the interest on the bonds for that year. In view of the provision that the railroad company might pay the interest on the bonds to the county and stop the tax for that year, it is manifest that it was not intended that the interest should be allowed to accumulate and a tax covering several years' interest be levied at one time. Neither was it intended that a separate levy should be made for each bondholder, but only one tax was authorized to be levied by the county court, and such tax was to pay all the interest for the year and such part of the principal as might be proper for the sinking fund.

The presumption under these statutes is that the county court of Taylor County had levied annually, for all the years prior to 1887, a tax on the property in the county subject to taxation for state revenue sufficient to pay the interest for each year, and that this tax was collected and paid over to

the commissioners of the sinking fund. If this be true, and it is not denied, the defendant Bass was not in default. The county court can do only what is authorized by the statutes.

The petition does not allege that the county court, in any year in which the plaintiff's coupons became due, failed to levy an annual tax on the property in the county subject to taxation for state revenue, sufficient to pay the interest on the bonds for that year, nor does it allege that the county had never levied or collected such tax since that time. As it appears that the defendant levied the tax in question and appointed Gaddie a special collector of it, the defendant had exhausted his authority.

These are all the questions which concern the defendant. He has nothing to do with the question of the appointment of the United States marshal as collector, or with so much of the judgment as relates to the county of Taylor as a "defendant," when it is not a defendant. The only matter in which the defendant Bass was interested was as to that part of the judgment which compelled him to perform an alleged duty. It being clear that he had performed all the duty which was enjoined upon him by the statute,

> *The judgment of the Circuit Court must be reversed as to so much of it as holds the answer of the defendant insufficient in regard to the appointment of a collector, and as sustains the demurrer to that part of the answer, and as sustains the motion for a peremptory writ of mandamus against the defendant in relation to the appointment of a collector; and the case is remanded to the Circuit Court with a direction to take such further proceedings as shall be in conformity with the opinion of this court.*