UNITED STATES of America,
Plaintiff-Appellee,

v.

Aubrey Clark BAKER, Defendant-
Appellant.

No. 18513.

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1969.

H. Fred Hoefle, (Court-appointed) Norwood, Ohio, for appellant.

Martha Craig Daughtrey, Asst. U. S. Atty., Nashville, Tenn., for appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on the brief.

Before EDWARDS and PECK, Circuit Judges, and BROOKS*, District Judge.

PER CURIAM.

The defendant-appellant was charged in an eleven-count indictment of various Dyer Act violations. Two of the counts were dismissed on motion of the government and he came on for trial and was found guilty by jury verdict of the violations charged in the remaining nine counts. This appeal was perfected from the judgment of conviction.

The defendant-appellant's first contention in this court is that the trial judge committed prejudicial error in permitting the United States attorney, over objection, to hand a copy of the indictment to each of the jurors at the commencement of trial, and in permitting such copies to remain in their possession throughout the three days consumed by the trial. The government responds that the availability of the copies of the indictment facilitated understanding by the jurors of the complicated factual pattern, which involved the interstate transportation of eight automobiles on varying dates and from varying points of origin and termination, and that prejudice could not have resulted because the fact that an indictment is not evidence was stated in the Court's general charge to the jury. We conclude that it was an abuse of discretion for the trial court to permit these photostatic copies of a document possessing all of the

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

indicia of a formal United States government document, including the reproduction of the signature of the foreman of a federal Grand Jury, to be handed to the jury without a proper explanation of the document and of the purpose of its delivery to the jurors having been contemporaneously made. However, an examination of the transcript of trial convinces us that in view of the overwhelming weight of the evidence of guilt presented it is clear beyond a reasonable doubt that neither a refusal to permit the jurors unlimited access to these copies of the indictment nor the offering of a proper contemporaneous instruction would have altered the verdict. While we do not suggest that the error rises to the level of a deprivation of constitutional rights, see Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Levinson, 405 F.2d 971 (6th Cir. 1968).

■■■ It is the further contention of the defendant-appellant that the trial judge did not adequately describe the nature and function of an indictment in his general instructions, arguing that they should have contained advice of the fact that the purpose of an indictment is only to cause the person named therein to be brought to trial and to advise him of the nature of the charge or charges against him. However desirable (and customary) instructions of this type may be, there is no requirement that absent a request by counsel they be included. Rule 30 of the Federal Rules of Criminal Procedure precludes a claim of error in connection with a charge to the jury unless the "defendant requested an instruction which was refused (or) made any objection to, or suggested any change in or amplification of, the charge as given." United States v. Ramsey, 291 F.2d 737 (6th Cir.), cert. denied, 368 U.S. 899, 82 S.Ct. 177, 7 L.Ed.2d 94 (1961). No objection was made to the portion of the charge here in question nor was a request for an amplification made. Such deficiency as may be found in the abbreviated statement in indictment is here concluded not to the general charge on the subject of the equate "plain error." Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

■■ Defendant-appellant next urges that in interrogating witnesses the District Judge "cast aside the cloak of judicial impartiality in a manner prejudicial to appellant's right to a fair trial." We have examined with particular care the portions of the record reflecting the Court's interrogation of witnesses and find this contention to be without merit. On the contrary, it is apparent that such questions as were asked by the trial judge were proposed only for the purpose of placing the facts before the jury, and that they did in fact achieve that purpose. See Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). Finally, it is argued that the admission of testimony concerning an alleged insurance fraud involving the defendant was error. The evidence complained of tended to show motive and intent on the part of the defendant-appellant and was not rendered inadmissible merely because it necessarily constituted evidence of an offense not charged. See 2 Wigmore, Evidence §§ 300–371 (3d ed. 1940); Banning v. United States, 130 F.2d 330 (6th Cir.), cert. denied, 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556 (1942).

Affirmed.