**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ollie J. BANKS, Defendant-Appellant.**

**No. 20004.**

United States Court of Appeals, Sixth Circuit.

May 5, 1970.

Charles Burke (Court appointed), Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before WEICK and EDWARDS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted on two counts alleging assault with a dangerous weapon with intent to rob from the mails, and knowingly stealing mail matter, in violation of 18 U.S.C. §§ 2114 and 1708 (1964).

After jury trial and verdicts of guilty, he was sentenced to 25 years on the first count and 5 years on the second count, with the sentences to run consecutively.

Testimony at trial showed that a man in a policeman's uniform had stopped a mail truck, entered the truck under the police pretext, then held up the guard and the driver at pistol point, shot the driver twice, and made off with four mail pouches. The driver and guard both identified appellant positively in court as the bandit in police clothing. There was also testimony which placed items stolen from the mail pouches in the incinerator in appellant's house in partially burned condition. Appellant's defense at trial was an alibi as to his whereabouts at the time of the robbery supported by his wife and brother.

On appeal appellant contends first that he was unconstitutionally denied counsel at a line-up. This line-up was, however, conducted before United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 187 S. Ct. 1951, 18 L.Ed.2d 1178 (1968), were decided. The Supreme Court has since, in Stovall v. Denno, 388 U.S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199 (1968), held that the requirement of counsel in these cases should be applied only to line-ups conducted after June 12, 1967.

In addition, in our view there is clearly an "independent origin" for the in-court identification relied on by the prosecution in this case. *See* United States v. Wade, *supra,* 388 U.S. at 242, 87 S.Ct. 1926.

Appellant also claims that reversible error was committed when the United States Attorney on cross-examination asked a postal inspector whether appellant in making a statement to that postal inspector had told him that his (appellant's) brother was with him in his (appellant's) home at the time the robbery occurred. We find no merit to this issue, since full *Miranda* warnings were given and appellant voluntarily gave an exculpatory statement which at trial appellant saw fit to introduce. Under these facts the government had a right to cross-examine as to contents and scope of the statement.

The third issue concerns appellant's contention that the United States Attorney in his final argument to the jury commented upon the alibi as follows:

"Isn't it incredible that they would wait two years to come up here on the stand and tell that story and allow this man to be accused unjustly for two years, knowing that they could prove otherwise? I suggest to you it is a little more than incredible. It is ridiculous and, really, that is not the right word. It is pathetic. It is a pathetic, desperate attempt to save someone that they love, but along those same lines, isn't it a little fishy that only Walter Banks was called and Vivian Banks?

"I mean, if that really is the truth, isn't that the time to call everybody, Walter, Vivian, Walter's wife, the father-in-law, the kids, the whole works? * * *"

We note that there was no objection made to this comment by the experienced trial counsel who tried this case for appellant. We have examined it in the context of the United States Attorney's argument and we do not believe that the comment was designed to apply to the defendant's failure to take the stand or that the jury could appropriately have so understood it. On this issue

also, we find no reversible error. United States ex rel. Leak v. Follette, 418 F. 2d 1266 (2d Cir.1969).

The judgment of the District Court is affirmed.