**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Alfred LYNCH, Defendant-Appellant.**

**No. 72–2165.**

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1973.

Decided May 8, 1973.

William T. Wuliger, court appointed, Cleveland, Ohio, on brief, for defendant-appellant.

John P. Berena, Asst. U. S. Atty., Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on brief, for plaintiff-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

Appellant in this case was convicted after jury trial on a charge of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d) (1970), and appeals his judgment and sentence of seven years under the Youth Corrections Act, 18 U. S.C. § 5010(c) (1970).

Appellant was identified at trial by one of the bank robbers as the driver of the get-away car. When he was arrested by the FBI, he had in his possession approximately a third of the proceeds of the bank robbery, including $330 in marked or "bait" money.

The principal appellate issue argued to the court is appellant's contention that Judge Thomas committed reversible error when the jury, after two hours of deliberation, returned to court and informed him that they were deadlocked, five jurors being for guilty and seven for acquittal. Judge Thomas then sent them home for the weekend (to return the following Monday morning), telling them in part as follows:

> Mr. Noster and ladies and gentlemen of the jury, I received your note. However, because of the fact that the jury began its deliberations just this afternoon, I am going to request that you return Monday to resume your deliberations.

I do want to say, though, that a jury, necessarily, to return a verdict, must have the unanimous concurrence of all twelve jurors. It is the duty of the jurors to consult with one another and to deliberate with a view towards reaching agreement, if they can do so without violence to their individual judgment. Each juror, of course, must decide the case for himself, but only after an impartial consideration of the evidence and of the discussion and of the consultation with his fellow jurors.

Remember at all times, finally, that jurors are not partisans. You are judges, judges of the facts. A jury's sole interest is to seek the truth from the evidence in the case.

I would ask that you go home, remember carefully the instructions that you must not talk about this case over this long week end— . . . .

No objection was made to the Judge's statement to the jury at the time, as there had been no objection to his charge, which had dealt completely with the presumption of innocence and the requirement of proof beyond reasonable doubt. The jury on Monday morning was in possession of the Judge's written charge setting forth these elements (among others) of the applicable law.

It is appellant's contention that the sentence, "A jury's sole interest is to seek the truth from the evidence in the case" was in effect substituted by the Judge's statement for the requirement of proof beyond reasonable doubt.

Taking the Judge's charge and this statement in proper context, we find no reason to conclude that the jury would believe that the requirement of proof beyond reasonable doubt had been eliminated. We find no reversible error as to this issue.

On review of appellant's complaint concerning the state's failure to make available to defendant's counsel a statement taken from defendant's mother, we are convinced that the limited impeachment use made of same under the District Judge's instruction did not constitute reversible error.

The judgment of the District Court is affirmed.