UNITED STATES of America,
Plaintiff-Appellee,

v.

Ann Marie MASELLI,
Defendant-Appellant.

No. 75–2106.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 18, 1976.

Decided April 19, 1976.

Rehearing Denied May 25, 1976.

1198

Gerald A. Messerman, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio (Court-appointed), for defendant-appellant.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Mervyn Hamburg, Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

A grand jury for the Northern District of Ohio returned a 23-count indictment on May 23, 1974 naming eleven defendants. The odd numbered counts 1 through 21 charged various defendants and others not indicted with violations of the Travel Act, 18 U.S.C. § 1952, and the corresponding even numbered counts 2 through 22 charged the same persons with violations of the Mann Act, 18 U.S.C. § 2421. Each of these counts also charged the persons named therein with violation of 18 U.S.C. § 2. Count 23 charged a conspiracy among the defendants named in counts 1–22, certain named but unindicted co-conspirators and other unknown persons to perform the illegal acts charged in the first twenty-two counts.

One defendant died before the trial began, one became ill during the trial and was severed and four pled guilty to one count each and were not tried. The defendant Maselli was found guilty on count 23, the conspiracy charge, and count 13, in which it was charged that she and an unindicted co-accomplice, John Richard Dudley, "caused Janice Phillips to travel in interstate commerce . . . [from Ohio to South Carolina] with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity,

said unlawful activity being prostitution in violation of . . . [18 U.S.C. § 2421 and stated laws of South Carolina] and thereafter . . . did perform and cause to be performed acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of said unlawful activity, and did distribute and cause the distribution of the proceeds of said unlawful activity.

"All in violation of Title 18, United States Code, Sections 1952 and 2." Maselli was acquitted of the charge in count 14 of transporting Janice Phillips from Ohio to South Carolina for immoral purposes. She was given consecutive one-year sentences on counts 13 and 23.

On appeal Maselli contends that the indictment was insufficient to charge an offense under 18 U.S.C. § 1952, that the district court erred in stating to counsel that certain portions of the indictment would be stricken and subsequently submitting these charges to the jury, and that the court's instructions to the jury contained errors which prejudiced her. All of these issues were raised in the district court and are properly here for review.

## SUFFICIENCY OF THE INDICTMENT

Defendant argues that count 13 only charged her as an aider and abettor, not as a principal, since it stated that she "caused" the Phillips woman to travel to South Carolina instead of charging that defendant traveled interstate herself. It is her contention that a proper reading of the indictment names Dudley as the principal and her as an aider and abettor. She contends the use of the word "caused" indicated to her that she was being charged under 18 U.S.C. § 2(b) rather than § 1952. 18 U.S.C.A. § 2 reads as follows:

§ 2. *Principals*

 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

 (b) Whoever willfully causes an act to be done which if directly performed by

him or another would be an offense against the United States, is punishable as a principal.

Since the indictment did not charge that Maselli "willfully" caused Janice Phillips to travel, it is contended that an essential element was missing and no offense was charged in count 13.

■ Defendant misconstrues the meaning of 18 U.S.C. § 2. A person charged with causing another to do an act which would be an offense if done by him directly is punishable as a principal under § 2(b). An aider and abettor is punishable in the same manner under § 2(a). The purpose of § 2(b) is to make it unnecessary to include language such as "causes or procures" in many criminal statutes. Revisor's Note to 18 U.S.C. § 2. Thus § 2 deals with two classes of activity which do not involve direct violations of the law, but which contribute to the commission of offenses and are punishable in the same manner as direct violations. The indictment clearly charged Maselli with a violation of 18 U.S.C. § 1952 by causing Janice Phillips to travel rather than by traveling with her. Maselli was charged as a principal, since one who causes another to commit an unlawful act is as guilty of the substantive offense as the one who actually commits the act. *See United States v. Harris*, 523 F.2d 172 (6th Cir. 1975); *United States v. Hoffa*, 349 F.2d 20, 43 (6th Cir. 1965), *affd.*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *Reamer v. United States*, 228 F.2d 906 (6th Cir. 1955). The word "willfully" is not used in § 1952, and it was not necessary to use it in the indictment, since 18 U.S.C. § 2 is embodied in every federal indictment. *See United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966), *cert. denied*, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967); *Pigford v. United States*, 518 F.2d 831, 835 (4th Cir. 1975).

■ Even if Maselli was justified in believing that she was being charged only as a "causer" under § 2(b), the omission of the word "willfully" did not render count 13 of the indictment deficient. Though count 13 did not use the word "willfully," it did charge that defendant caused Janice Phillips to travel interstate "with the intent" to promote, etc. the unlawful activity of prostitution and "thereafter . . . did perform . . . acts to promote . . ." the unlawful activity and did distribute its proceeds. In *Griffith v. United States*, 230 F.2d 607 (6th Cir. 1956), the court held that omission of the word "knowingly" from an indictment for a Mann Act violation was not fatal because the language of the entire indictment "plainly and definitely indicate[s] that the essential ingredient of scienter existed in the mind" of the defendant. If other language in an indictment implicitly requires a particular element of an offense it is not necessary that words be used which explicitly require that element. *Walker v. United States*, 439 F.2d 1114 (6th Cir. 1971). When count 13 is read in its entirety it is clear that defendant was charged with an intentional violation of the Travel Act. *See United States v. Salliey*, 360 F.2d 699 (4th Cir. 1966).

■ One further argument is made in connection with defendant's theory that she was only charged under 18 U.S.C. § 2(b) and not as a principal under § 1952. She contends that it was error to give the jury an instruction on § 2(a) as well as 2(b). Again we must point out that defendant misconstrues the purpose and meaning of 18 U.S.C. § 2. The two subsections are not mutually exclusive forms of charging aiding and abetting. They are, rather, two statements of indirect illegal actions which carry the same consequences for the actor as direct violation of criminal statutes. Since 18 U.S.C. § 2 is included in its entirety in every federal indictment, it is proper, where the evidence justifies it, to instruct on both subsections. There was sufficient evidence from which the jury could have inferred that Maselli and Dudley together caused Janice Phillips to travel in interstate commerce for purposes of prostitution. There was also an abundance of evidence that Maselli aided and abetted Dudley in connection with the prostitution activities of Janice Phillips after causing her to travel from Ohio to South Carolina. The court properly charged the jury on the contents

of both 18 U.S.C. § 2(a) and (b). *United States v. Salliey, supra,* 360 F.2d at 702.

■ In order to satisfy the requirements of the Fifth and Sixth Amendments, an indictment must set forth the elements of the offense intended to be charged and inform the accused of the nature of the charges against him, and it must be sufficiently detailed to permit the accused to avoid a later prosecution based on the same acts. *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). We believe the indictment in the present case satisfied these criteria. If defendant desired greater particularity with respect to the charges she would be required to defend at trial, these could have been obtained by means of a motion for a bill of particulars. *United States v. Branan,* 457 F.2d 1062, 1065 (6th Cir. 1972).

## ALLEGED VARIANCE BETWEEN INDICTMENT AND BASIS OF CONVICTION

■ It is elementary that procedural due process requires that a person be tried and convicted only for the specific offenses with which he is charged. *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). Any variance between indictment and proof which "destroy[s] the defendant's substantial right to be tried only on charges presented in an indictment" is not harmless error. *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252, 257 (1960). The defendant contends that her Fifth and Sixth Amendment rights were violated by the court's instructions permitting a conviction on the basis of proof received at the trial which varied from the charges in the indictment. This argument proceeds from the fact that Maselli was charged only with causing another to travel and not with using interstate facilities, including the mail, to promote and carry on unlawful activity. Use of such facilities to promote or carry on prostitution is also proscribed by § 1952. The jury heard evidence, without objection, that Janice Phillips sent the proceeds of her prostitution activities in South Carolina to

Dudley in Ohio using a pre-addressed envelope furnished by Maselli. In his final charge to the jury the District Judge read the entire text of § 1952, including the reference to use of the facilities of interstate commerce including the mail. Upon objection by Maselli's counsel the court advised the jury to disregard his former reading of § 1952 and then read parts of the statute, omitting any reference to use of interstate facilities. There was no further objection to this portion of the instructions and no further request for clarifying instructions.

The evidence that defendant assisted Janice Phillips in sending money to Dudley was clearly competent for the purpose of showing that she was involved in the distribution of the proceeds of unlawful activity as charged in the indictment. Though it was error for the court to read a portion of the statute which was not pertinent to the charges in the indictment, this error was promptly corrected and no further dissatisfaction was expressed by defendant's counsel. It has been held that reversal should not be predicated on an error which the trial court moves promptly to correct unless the attempted correction clearly does not remove the prejudicial effect of the error. *Baker v. United States,* 156 F.2d 386 (5th Cir.), *cert. denied,* 329 U.S. 763, 67 S.Ct. 123, 91 L.Ed. 657 (1946). The purpose of requiring timely objections is to give the trial court an opportunity to correct errors and oversights.

■ Defendant also charges that she was misled to her prejudice by submission to the jury of charges which she did not defend against. At the beginning of the trial it was pointed out to the judge that the first eight counts of the indictment related to activities of persons who were no longer in the case, primarily because of guilty pleas. The court indicated that it would remove references to counts 1 through 8 from the conspiracy count, number 23. After all the proof was in, the court stated that counts 1 through 8 were only stricken as to the defendants named in those counts and not insofar as the counts

related to charges of conspiracy against other defendants who were on trial. The defendant contends that the court reversed itself on the matter of counts 1 through 8 and this deprived her of fair notice and an opportunity to defend in violation of the Fifth and Sixth Amendments. She argues that all parties proceeded on the assumption that the conspiracy charges against them did not include the activities of the defendants named in the first eight counts.

The government points out that at the pretrial hearing when the first reference was made to counts 1–8 the prosecutor informed the court that the alleged prostitute named in those counts would testify as to activities of some of the defendants on trial, though not as to acts of the severed defendants. The court responded that it was not concerned about her testimony as to others who were still in the case. Later, during the testimony of this witness, the court stated that evidence concerning the activities of a severed defendant was received only with respect to the conspiracy alleged in count 23 and not relative to other counts of the indictment.

An examination of the entire record of the district court proceedings leads to the conclusion that Maselli should not have been misled as to the continued viability of counts 1–8 insofar as they related to the conspiracy charge. The fact that the defendants named in those counts were not being tried did not alter the fact that count 23 charged a conspiracy which included them as well as Maselli. Though the court unfortunately used the words "strike" and "stricken" to describe its actions with respect to the first eight counts, it is clear that they were not removed from the case insofar as they had bearing on the conspiracy charge.

 Though it is not entirely clear from the record, it appears the court did prepare a copy of the indictment with counts 1–8 deleted and furnished it to counsel in the case with an indication that this truncated document would be given to the jury. Furthermore, it appears that the jury was given a copy of the indictment which contained the first eight counts, but from which other deletions had been made. There is no requirement that the jury be furnished a copy of the indictment. In this case the indictment was read to the jury by the trial judge at the beginning of the trial and the court fully instructed the jury on the charges against each defendant and the elements of each offense charged. In a case such as this where several defendants named in the indictment are not on trial and the parties change during the course of the trial it can only cause confusion to present the jury with the original indictment. *Cf. United States v. Baker*, 418 F.2d 851 (6th Cir. 1969), *cert. denied*, 397 U.S. 1015, 90 S.Ct. 1248, 25 L.Ed.2d 429 (1970). The better practice is not to submit the indictment to the jury in writing, since it is not evidence and the initial reading of the indictment sufficiently informs the jury of the charges. An indictment returned by a federal grand jury may be amended only upon resubmission to the grand jury except as to merely formal changes. *Russell v. United States, supra*, 369 U.S. at 770, 82 S.Ct. at 1050, 8 L.Ed.2d at 254; *United States v. Pandilidis*, 524 F.2d 644 (6th Cir. 1975). Thus, an indictment should be neither enlarged nor reduced by the court. However, since the only changes actually made in the copy of the indictment which was apparently furnished to the jury in this case were made on the motion of one of the defendants, or with the acquiescence of all parties, there was no prejudice.

### THE "PRESUMPTION OF TRUTHFULNESS" INSTRUCTION

 The district court's general charge to the jury contained the following language:

Each witness is presumed to speak the truth; however, if you find the presumption of truthfulness to be outweighed as to any witness, you will give the testimony of that witness such credibility, if any, as you may think it merits.

Counsel for Maselli made a timely objection to the presumption of truthfulness instruction.

While finding that the giving of such an instruction is not, in the absence of an objection, plain error which requires a reversal, this court has characterized a similar instruction as "erroneous" and "not desirable." *United States v. Stroble*, 431 F.2d 1273, 1278 (6th Cir. 1970). In dealing with a presumption of truth instruction in *United States v. Griffin*, 382 F.2d 823, 827 (6th Cir. 1967), the court quoted with approval from *United States v. Meisch*, 370 F.2d 768 (3d Cir. 1966), at 773:

> It is perhaps safe to say that the vast majority of witnesses speak the truth and that jurors are aware of this. But we have not found an authoritative case . . . casting that tendency of human nature into a legal presumption in a criminal case tried to a jury.

In *Cupp v. Naughton*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), the Supreme Court held that a defendant in a state criminal proceeding is not denied due process by the court's charging the jury that every witness is presumed to tell the truth, stating, "Certainly the instruction by its language neither shifts the burden of proof nor negates the presumption of innocence . . .." *Id.* at 148, 94 S.Ct. at 401, 38 L.Ed.2d at 374. The Court cautioned against judging any single instruction "in artificial isolation" rather than "in the context of the overall charge." *Id.* at 147, 94 S.Ct. at 400, 38 L.Ed.2d at 373. Recognizing the almost universal condemnation of this instruction by federal appellate courts, the Supreme Court pointed out that these decisions have been based on the supervisory powers of such courts over the proceedings of trial courts within their respective jurisdictions, rather than on a finding of constitutional violations. *Id.* at 144–146, 94 S.Ct. at 399–400, 38 L.Ed.2d at 372–373.

Where there is a timely objection to a "presumption of truth" instruction, it is reversible error to include such an instruction in the jury charge.

The judgment of the district court is reversed and the cause is remanded to the district court for a new trial.