UNITED STATES of America, Plaintiff-Appellee,

v.

Arthur LaRICHE, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Joseph BRODY, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Adolph Albert DAL PRA, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Pasquale J. CISTERNINO, Defendant-Appellant.

Nos. 76–1577 to 76–1580.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1976.

Decided Feb. 22, 1977.

Certiorari Denied April 25, 1977. See 97 S.Ct. 1687.

Jeffrey W. Largent, Cleveland, Ohio (Court-appointed CJA), for defendant-appellant in No. 76–1577.

Elmer A. Giuliani, Cleveland, Ohio, for defendant-appellant in Nos. 76–1578 and 76–1579.

Jeffrey H. Olson, Cleveland, Ohio, for defendant-appellant in No. 76–1579.

Gerald A. Messerman, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for defendant-appellant in No. 76–1580.

Frederick M. Coleman, U.S. Atty., Cleveland, Ohio, Wm. J. Edwards, Kevin P. Connolly, Asst. U. S. Attys., Howard Weintraub, T. George Gilinsky, William G. Otis, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, and CELEBREZZE and LIVELY, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellants appeal their convictions on various counts of a six-count indictment which charged fifteen individuals with conspiracy and possession of goods stolen from interstate commerce in violation of 18 U.S.C. §§ 2, 371 and 659 (1970). The goods in question were 25,000 pairs of blue jeans stolen from a railroad trailer in Cincinnati, Ohio while en route from Knoxville, Ten-

nessee to Florence, Kentucky. Appellants, and others named in the indictment, were tried jointly before a jury in the Northern District of Ohio, Eastern Division. The trial lasted eight days. The chief witness for the prosecution was Edmund Eugene Flott, an unindicted accomplice, co-conspirator and government informant. It was Flott's testimony which linked each Appellant to the stolen goods. At the close of trial and after receiving instructions from the Court, the jury retired to consider a verdict. Twice during deliberations the jury informed the Court of its inability to reach a verdict and each time the Judge responded with the statement that the "jury will continue its deliberations with a view of arriving at a verdict." Finally, after several hours of deliberation over a four day period, the Judge issued an *Allen* charge. Within an hour of receiving the supplemental instruction, the jury returned a verdict. Appellant Brody was convicted of possession of goods stolen from interstate commerce as charged in count four of the indictment; Appellants LaRiche and Dal Pra were found guilty of conspiracy to possess goods stolen from interstate commerce as charged in count three of the indictment; and Appellant Cisternino was found guilty of conspiracy to possess stolen goods as charged in count five.

All Appellants join in arguing that the District Court erred in issuing the *Allen* charge. After the instruction was given, defense counsel uniformly objected to the charge. However, no specific objection was entered as to any particular portion of the charge so we must review the supplemental instructions under the "plain error" standard of Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Billingsley*, 474 F.2d 63, 66 (6th Cir. 1973). In *United States v. Harris*, 391 F.2d 348, 354 (6th Cir. 1968), this Court stated that "[W]e have no criticism with the *Allen* charge as such. . . . We are of the opinion however that . . . it approaches the limits beyond which a trial court should not venture in urging a jury to reach a verdict." *See also United States v. Scott*, 547 F.2d 334, 336–337 (6th Cir. 1977).

Appellants do not contest the constitutionality of the *Allen* charge, but contend rather that the charge exceeded the limits established by the Supreme Court in *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Specifically, they argue that the charge was defective because it: 1) improperly informed the jury that the case must be disposed of sometime; 2) failed to restate the Government's standard of proof; 3) erroneously informed the jury that their sole function was to find the truth; 4) coerced only a minority favoring acquittal to re-examine its position; and 5) improperly inferred that the failure to reach a verdict reflected unfavorably on the jury. In addition, Appellant Cisternino argues that the Court indirectly commented on his failure to take the stand and testify in his own defense. We find these contentions to be totally without merit.

At the outset, we note that instructions to the jury "may not be judged in artificial isolation but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). *See also United States v. Lynch*, 477 F.2d 924, 925 (6th Cir. 1973). Appellants urge that the instruction that the case "must be disposed of at some point in time" was coercive because it excluded the possibility that the jury could disagree and the case end in mistrial. For support, Appellants cite a number of cases which held it reversible error for an *Allen* charge to state that the case "must be decided." *See Jenkins v. United States*, 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965); *United States v. Harris*, 391 F.2d at 356–57; *United States v. Flannery*, 451 F.2d 880, 883 (1st Cir. 1971). However, in *United States v. Harris*, 391 F.2d at 356, we observed that there is "a clear distinction between the statement 'this case must be decided' and 'it must be disposed of some time.'" The latter phrase merely restates the obvious proposition that all cases must come to an end at some point, whether by verdict or otherwise. The "disposed of" language in the charge should also be read in conjunction with the Court's admonition

to the jurors to adhere to their individual judgment and conscience in reviewing the evidence presented them. Nor do we believe that the Court's failure to recharge the jury on the Government's burden of proof was plain error. While it may be desirable for a Judge to restate the beyond a reasonable doubt standard in an *Allen* charge, we doubt that under the circumstances the jury was influenced to disregard clear and explicit instructions on the prosecution's burden of proof in the original charge.[1] For similar reasons, we reject Appellants' argument that the Court's statement that the jurors "sole interest is to seek the truth from the evidence in the case" somehow distorted the jury's function and diluted the Government's burden of proof. *Accord, United States v. Lynch,* 477 F.2d at 925. We do not accept Appellants' contention that the Court singled out the minority jurors in its instructions and placed them under undue pressure to conform their views to those of the majority. Appellants concede that this portion of the charge mirrors language approved in *Allen v. United States,* 164 U.S. at 501, 11 S.Ct. 154. We determine that the District Court's instructions afforded the defendants greater protection than did the charge in *Allen* because the instructions called on all jurors favoring conviction to rethink their positions, whether in the minority or majority. It would not be reasonable to conclude that the effect of the Court's language was to pressure the minority into acceptance of majority rule, particularly when read together with the instruction that "no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of evidence." *Compare United States v. Harris,* 391 F.2d at 356. Nor do we find that there was any insult or threat implied in the Court's reference to the possibility of retrial before another jury, as Appellants contend. On the contrary, the tenor of the remarks was complimentary and supportive of the jury's efforts to reach a verdict. Appellant Cisternino claims that the Court's

praise concerning both sides' presentation of evidence was, in actuality, "a thinly-veiled and insidious comment on his failure to testify." We do not accept that interpretation. We find no indication in the record that the language used by the Court was intended as a comment on Cisternino's failure to testify or that a jury would naturally assume it to be so. *See United States v. Sawyers,* 423 F.2d 1335, 1340–41 (4th Cir. 1970). *See also United States v. Yamashita,* 527 F.2d 954, 956 (9th Cir. 1975); *United States v. Banks,* 426 F.2d 292, 293 (6th Cir. 1970); *Davis v. United States,* 357 F.2d 438, 441 (5th Cir. 1966).

■■■ As part of the original instructions to the jury, the District Court made the following statement:

> Every witness is presumed to speak the truth; however, if you find the presumption of truthfulness to be outweighed as to any witness, you will give the testimony of that witness such credibility, if any, as you may think it deserves.

On previous occasions this Court has condemned the use of similar instructions in the exercise of our supervisory powers. *United States v. Maselli,* 534 F.2d 1197, 1202–03 (6th Cir. 1976); *United States v. Stroble,* 431 F.2d 1273, 1278 (6th Cir. 1970). *See also United States v. Griffin,* 382 F.2d 823, 827 (6th Cir. 1967). In those cases, however, we held that the giving of the instruction is not, in the absence of an objection, plain error so as to require reversal in all cases. *United States v. Maselli,* 534 F.2d at 1203; *United States v. Stroble,* 431 F.2d at 1278. *See also United States v. Griffin,* 382 F.2d at 828. No specific objection was entered by defense counsel to the presumption-of-truthfulness instruction. In *Cupp v. Naughten,* 414 U.S. at 149, 94 S.Ct. 396, the Supreme Court held that the giving of a presumption-of-truthfulness instruction in a state criminal proceeding was not a *per se* violation of due process. The Supreme Court noted that the circuit courts which have criticized the use of such an

---

1. The Judge did, in fact, refer to the reasonable doubt standard when he urged the jurors favoring conviction to re-examine the correctness of their positions.

instruction did so in the exercise of their supervisory powers and not as a matter of constitutional law. *Id.* at 145–46, 94 S.Ct. 396. In determining the effect of the instruction on the defendant's conviction, the Supreme Court cautioned that the instruction should be judged in the context of the overall charge. *Id.* at 147, 94 S.Ct. 396. In upholding the instruction in *Cupp*, the Supreme Court commented that the presumption-of-truthfulness instruction came in the midst of the general charge on credibility where the jury was informed of various criteria for judging the credibility of witnesses. *Id.* at 149, 94 S.Ct. 396. In this case, the presumption-of-truthfulness instruction was also delivered as part of the overall charge on credibility. We conclude that the Court's extensive instruction on factors which would tend to discredit the testimony of witnesses, including that of the chief prosecution witness vitiated what might otherwise have been plain error.[2] The record also does not support Appellants' allegation that the Government's closing argument contained a personal endorsement of Flott's credibility. No objection was made and the lengthy Government summation included a disclaimer of any personal knowledge of the case on the part of the prosecutors. The argument was not plain error. *See e.g., United States v. Phillips*, 510 F.2d 134, 136 (6th Cir. 1975).

Appellant Cisternino raises three additional issues: 1) the Court's instructions improperly amended the indictment to allow him to be convicted of a conspiracy other than that described in count five of the indictment; 2) he was denied the effective assistance of counsel because of conflicts of interest which arose because his trial attorney also represented two other defendants; and 3) there is insufficient evidence to support his conviction. We have considered Cisternino's arguments and find them to be meritless. Cisternino was charged under count five of the indictment of conspiring to possess stolen goods with "Micheal James Ryan aka Willie." Cisternino was not named as a party to the conspiracy outlined in count three. Appellant argues that the Court constructively amended the indictment when the Judge combined instructions on both conspiracy counts with a general instruction on conspiracy. According to Appellant, the confusion resulting from the Court's instructions allowed the jury to convict him of conspiring with someone other than "Willie", the co-conspirator named in count five of the indictment. If an indictment is amended during trial, a conviction on charges other than those found by the grand jury violates the Fifth Amendment. *See Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). However, the indictment in this case was not amended by the Court's instructions. Although the method of instruction lacked a degree of clarity, whatever confusion may have been generated by the general instruction on conspiracy was dispelled by other portions of the charge wherein the Court carefully distinguished the conspiracy counts, identified the persons named in each count and related the elements of each offense in terms of the defendants charged. Viewed in their entirety, the instructions adequately apprised the jury of the distinctions between the two conspiracy counts.[3] We also must consider the jury charge within the context of the trial. *United States v. Park*, 421 U.S. 658, 674–75, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975). The evidence against the Appellant at trial went toward establishing a conspiracy between Cisternino and a man named "Willie". In light of the trial

---

**2.** The District Judge did not have the benefit of *United States v. Maselli, supra*, when framing the instructions.

**3.** The jury was also allowed to take the indictment into the jury room. While this practice was criticized in *United States v. Maselli*, 534 F.2d at 1202, we have approved it in other cases. *See e.g., United States v. Russo*, 480 F.2d 1228, 1244 (6th Cir. 1973); *Garner v. United States*, 244 F.2d 575 (6th Cir. 1957). *Cf. United States v. Baker*, 418 F.2d 851, 852–53 (6th Cir. 1969). We note that no objection was made by defense counsel at the time the indictment was submitted to the jury.

record, there is no realistic possibility that Appellant was convicted of conspiring with someone other than "Willie". The conspiracy instructions do not constitute reversible error.

■■■ We also conclude that Cisternino was not rendered ineffective assistance of counsel simply because his trial attorney also represented two of his co-defendants. To satisfy the requirements of the Sixth Amendment, a defendant must be represented by "counsel reasonably likely to render and rendering reasonably effective assistance." *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974). Where a conflict of interest is alleged, the defendant must show that there was a conflict and that he was prejudiced thereby. *See United States v. Georvassilis*, 498 F.2d 883, 886 (6th Cir. 1974). The defendant must suffer actual prejudice from the conflicting interests—the mere possibility of prejudice is not sufficient to overturn a conviction. *Ray v. Rose*, 535 F.2d 966, 974 (6th Cir. 1976). Appellant has not demonstrated that he was prejudiced by his attorney's representation of two other defendants. His assertions to the contrary appear to stem more from the fact that he was tried jointly with others named in the indictment than from any conflict of interest on the part of counsel.[4] There is also a strong indication of waiver in this case *See generally Glasser v. United States*, 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680 (1941). The District Judge held a hearing before trial with defendants and defense counsel present to raise the possibility of conflicts of interests arising due to the attorneys' multiple representation of defendants. At the hearing, Appellant Cisternino was warned of the possibility of a conflict of interest and expressly waived separate counsel. While the pre-trial hearing may not have sufficed if it became apparent at trial that there was an actual conflict of interest, *see United States v. Gaines*, 529 F.2d 1038, 1044 (7th Cir. 1976), that occasion did not arise.[5] A review of the record discloses that Cisternino's trial attorney rendered reasonably effective assistance. Viewed in a light most favorable to the Government, *United States v. Hearn*, 496 F.2d 236, 237 (6th Cir. 1974), the record also reveals there was sufficient evidence to sustain Cisternino's conviction.

Finally, Appellants allege that the trial court abridged their confrontation rights under the Sixth Amendment by impermissibly limiting the cross-examination of Edmund Eugene Flott, the prosecution's key witness. Flott's testimony was central to the Government's case and defense counsel vigorously attacked his credibility during cross-examination and final argument. On the stand, Flott admitted *inter alia* that he had an extensive criminal record including convictions for armed robbery, bank robbery, receipt of stolen property and escape and that he had been imprisoned nearly half his life; that while in prison in 1963 he had become an FBI informant; that he continued as an informant for four years following his release from prison and was paid between $2,000 and $3,000 for information; that he agreed to testify in this case only after his FBI contact informed him that the Bureau had evidence of his complicity in the crime; that he had not been charged with the crime even though he had admitted guilt; that he had agreed to make a statement on condition that he and his family be relocated and that relocation had occurred; that the Government was paying him $1,060 in monthly subsistence payments; that he had threatened at least one of the defendants; and that he would do

---

**4.** Appellant did not raise improper joinder as an issue on appeal.

**5.** We do not lightly indulge in second guessing the trial strategy of defense counsel and a trial court need not speculate on all the myriad possibilities of conflict which may arise between a defendant and his attorney during trial.

Yet if a real possibility of conflict arises, even during trial, the Court has a responsibility to inform the defendant of the risks involved and remind him that he has the option of changing counsel. *See generally United States v. Gaines*, 529 F.2d at 1044; *United States v. Foster*, 469 F.2d 1, 5 (1st Cir. 1972).

almost anything to keep out of jail. He also testified that he had failed to report to the FBI all criminal activity of which he was aware, particularly if he or one of his close associates was involved. When defense counsel attempted to elicit details of his participation in unreported criminal activity, Flott refused to answer and invoked his Fifth Amendment privilege. The following colloquy then took place:

> PROSECUTOR: Objection.
>
> THE COURT: Approach the bench.
>
> (Bench conference ensued on the record as follows:)
>
> DEFENSE COUNSEL: These things are all mentioned and involved, and I think it goes to the credibility of this man and the reasons why he is testifying the way he is.
>
> THE COURT: There is ample ground for you to attack his credibility in the proper form. I will sustain the objection. Shall we proceed?
>
> DEFENSE COUNSEL: So I don't have to come up again, you are saying I can't ask him about criminal activity at all?
>
> THE COURT: No. All I said to you was that the objection was sustained, and I have directed you to proceed in a proper manner. Let's go ahead please.

After resuming cross-examination, counsel once again questioned Flott about his involvement in unreported criminal activity and the Court sustained the prosecutor's objection. Appellants contend that they were deprived of their Sixth Amendment right of confrontation because the Court improperly curtailed cross-examination. They argue that Flott's disclosure of unreported criminal activity waived his Fifth Amendment privilege as to the details of his participation.[6]

It is within the sound discretion of the trial court to limit the scope of cross-examination. *See e.g., United States v. Duhart,* 511 F.2d 7, 9 (6th Cir. 1975). In exercising its discretion, the court must be mindful of both the defendant's Sixth Amendment right of confrontation and the witness's Fifth Amendment privilege against self-incrimination. The court may violate the confrontation clause if it prevents the defense from placing facts before a jury from which bias, prejudice or lack of credibility of a prosecution witness may be inferred. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1937). However, the defendant's right to delve into facts tending to discredit a prosecution witness cannot overcome the witness's privilege against self-incrimination, if properly invoked. *See Alford v. United States,* 282 U.S. at 694, 51 S.Ct. 218. We find that Flott properly invoked the Fifth Amendment concerning details of his participation in criminal activity which had not been reported to the authorities. Although disclosure of an incriminating fact generally waives the privilege as to details, *see Rogers v. United States,* 340 U.S. 367, 373, 71 S.Ct. 438, 95 L.Ed. 344 (1950), waiver does not occur where further disclosure carries a risk of incrimination beyond that raised by previous testimony. *See United States v. Seavers,* 472 F.2d 607, 610–11 (6th Cir. 1973); *In re Master Key Litigation,* 507 F.2d 292, 294 (9th Cir. 1974). Since disclosure of the details of Flott's participation in unreported criminal activity would present a real and appreciable danger of criminal prosecution not raised by his testimony on direct, the Court was not in error in upholding his right to refuse to respond. Nor do we believe that the Court's rulings deprived Appellants of their confrontation rights under the Sixth Amendment. When a prosecution witness refuses to submit to cross-examination, it may be necessary for the

---

**6.** We need not discuss Appellants' assertion that the Court should have allowed counsel to question the witness further out of hearing of the jury to establish the parameters of his assertion of privilege. The record discloses that the trial court's rulings were limited to the precise questions asked by counsel and did not amount to a "blanket prohibition" of questions concerning Flott's criminal activity, as Appellants suggest.

trial court to strike all or part of his testimony. *See United States v. Stephens*, 6 Cir., 492 F.2d 1367 at 1374–75; *United States v. Cardillo*, 316 F.2d 606, 610–11 (2d Cir. 1963). A defendant's rights do not bar the admission of the witness's testimony against him where the questions concern subject matter which is either collateral or cumulative and where the cross-examination is directed at the witness's general credibility rather than toward matters relating to the specific events of the crime charged. *See United States v. Garrett*, 542 F.2d 23, 26 (6th Cir. 1976). In this instance, defense counsel was seeking evidence which would be both collateral and cumulative. Testimony concerning Flott's participation in criminal activity unrelated to the crime with which defendants were charged would be purely collateral to the issues at trial. If the purpose of the examination was to cast doubt on Flott's credibility, the questions were cumulative. The testimony provided counsel with an ample basis to effectively attack Flott's character and his motives for testifying for the prosecution. *See United States v. Stephens*, 492 F.2d at 1375. *See also United States v. LaSorsa*, 480 F.2d 522, 529 (2d Cir. 1973). We fail to see how testimony concerning crimes which were not reported to the FBI would elucidate further Flott's relationship with the Government, as Appellants contend. Under the circumstances, we must conclude that the jury had sufficient information upon which to make a discriminating appraisal of the witness's motives and bias without granting the defense access to highly incriminating evidence on crimes unrelated to those charged in the indictment. *See United States v. Baker*, 494 F.2d 1262, 1267 (6th Cir. 1974). Appellants have made other arguments which we have considered and find to be without merit. The judgment of the District Court is affirmed.