Bradley ARMSTRONG, Petitioner,

v.

Billy McWHERTER, etc., et al., Respondents.

Civ. A. No. 3:87–0045.

United States District Court, M.D. Tennessee, Nashville Division.

April 28, 1987.

Bradley Armstrong, pro se.

Jerry Smith and Robert Conley, Asst. Attys. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge, sitting by Designation and Assignment.

The respondent answered the petition herein, *see* order herein of February 2, 1987. It not appearing that an evidentiary hearing is required, Rule 8, Rules—§ 2254 Cases, the Court will dispose of such petition as law and justice require. *Id.*

The respondent concedes that the petitioner Mr Bradley L. Armstrong exhausted his available state remedies with respect to his claims presented herein of ineffective assistance of counsel. 28 U.S.C. § 2254(b), (c). The respondent contends however, that the trial Court and the Court of Criminal Appeals of Tennessee found factually, after a post-conviction hearing was held, that the evidence adduced at such hearing refuted each of Mr. Armstrong's claims, and that such findings should be presumed to be correct and the petition herein dismissed.

After reviewing the evidence introduced at the post-conviction hearing, the trial Court made specific findings-of-fact regarding three of Mr. Armstrong's allegations. It found that Mr Armstrong's trial attorney thoroughly investigated the case and prepared a defense; it found also that he conferred adequately with Mr. Armstrong, and that Mr. Armstrong was aware of the status of his case; it found further that such attorney advised Mr. Armstrong of the serious nature of the offense with which he was being charged.

In *Bradley L. Armstrong,* appellant, *v. State of Tennessee,* appellee, no. 85–80–III [Available on WESTLAW, 1986 WL 5046], the Criminal Court of Appeals of Tennessee found on April 29, 1986 that the evidence did not preponderate otherwise and, therefore, affirmed such finding. This Court presumes such findings to be correct, 28 U.S.C. § 2254(d), as none of the conditions of sub–§§ (1)–(8), inclusive, is claimed by the petitioner.

Mr. Armstrong alleges also that his trial attorney was incompetent, because he failed to inform him of the full consequences of entering a plea of guilty to murder in the second degree. Mr. Armstrong's trial attorney testified at the post-conviction hearing that he had extensive experience in trying criminal cases; he further testified that he advised Mr. Armstrong to plead guilty to murder in the second degree rather than to face a jury trial on the charge of murder in the first degree, because he felt that the case against Mr. Armstrong was very strong, and that, therefore, he faced the possibility of a conviction on such charge and of being sentenced to life imprisonment or to the electric chair.

At such post-conviction hearing, Mr. Armstrong admitted that he knew that it was possible for him to be convicted of murder in the first degree and of the potential ramifications of such a conviction. Mr. Armstrong claims, nonetheless, that he would never have pled guilty to murder in the second degree, which agreement carried with it a 35–year sentence, had his attorney not told him that he would be eligible for parole in four or five years.

Such attorney testified that he made no such statement but, rather, that he advised Mr. Armstrong that he would be required to serve 40% of the 35–year sentence before becoming eligible for parole. He testified further that he remembered specifically calculating the amount of time Mr. Armstrong would be required to serve, using the 40% ratio.

The hearing Court, thus, was presented with diametrically-opposed testimony as to the amount of time that Mr. Armstrong's attorney advised him he would have to serve before becoming eligible for parole.

■ Such Court made no specific finding-of-fact as to this particular issue.

However, this Court FINDS that such Court's dismissal of the post-conviction petition, and its finding that Mr. Armstrong's trial counsel performed "within the rank of competence demanded of attorneys in criminal cases," is "tantamount to rejection of the testimony of [Mr. Armstrong]." *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983).

Because the state Court did conduct a hearing and subsequently entered a judgment, this Court gives deference to the implicit findings of such Court on the issue of credibility. "Title 28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court but not by them." *Id.*, 459 U.S. at 434, 103 S.Ct. at 851.

The trial Court found implicitly that Mr. Armstrong's trial attorney advised him correctly that he would be required to serve 40% of the 35-year sentence before being eligible for parole, and the Court of Criminal Appeals of Tennessee found that the evidence did not preponderate otherwise, *see, Bradley L. Armstrong*, appellant, *v. State of Tennessee*, appellee, *supra.* This Court must presume such finding to be correct as none of the conditions of 28 U.S.C. § 2254(d), (1)–(8), *supra*, is claimed by the petitioner.

█ Mr. Armstrong claims in addition that he received ineffective assistance of counsel when his trial counsel failed to seek a psychiatric evaluation of him despite his long history of alcoholism. Assuming *arguendo* that such failure somehow constituted negligence on the part of Mr. Armstrong's attorney, it certainly in no way prejudiced the petitioner;* he has at no time ever alleged that his mental capacities were in anyway diminished at the time of the killing to which he pled guilty or at the time he actually entered such plea.

With regard to the killing itself, it appears from the record that he denied, at first, any culpability and admitted later to being responsible but claimed self defense. Furthermore, with respect to entering the plea of guilty, the petitioner never contended that he was incapable of understanding the advice of his attorney; his only contention has been that his attorney misled him into believing that he would have to serve less time before being eligible for parole than what is actually required.

Accordingly, the Court FINDS that Mr. Armstrong was "represented by 'counsel reasonably likely to render and [who] render[ed] reasonably effective assistance.'" (Citations omitted.) *United States v. La-Riche*, 549 F.2d 1088, 1095 [11] (6th Cir. 1977), *cert. den.*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

The petitioner Mr. Armstrong hereby is

DENIED all relief. Judgment to that effect will be entered by the clerk of this Court, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which will NOT issue because only factual issues are implicated herein. *Id.*

---

* The petitioner must establish, not only that his trial counsel's performance was deficient, but also that it prejudiced his defense. *Strickland v.* *Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 [5], 80 L.Ed.2d 674 (1984).