COMMONWEALTH OF KENTUCKY, Plaintiff,

v.

Larry A. LONG, Defendant.

Crim. No. CR 86–00020–01–L.

United States District Court, W.D. Kentucky, Louisville Division.

July 2, 1986.

L.J. Hollenbach, III, Jefferson Co. Com. Atty., William C. Grimes, Asst. Jefferson Co. Com. Atty., Louisville, Ky., for plaintiff.

Joseph M. Whittle, U.S. Atty., C. Cleveland Gambill, Asst. U.S. Atty., Louisville, Ky., Larry S. Roberts, Lexington, Ky., for defendant.

## MEMORANDUM

SILER, Chief Judge.

The defendant, Larry A. Long, a Special Agent with the Federal Bureau of Investigation (FBI), has moved the Court to dismiss the indictment on the grounds that his conduct alleged in the indictment is protected by the Supremacy Clause [1] of the United States Constitution. The indictment was returned in the Jefferson Circuit Court at Louisville, and charged the defendant with two counts of complicity of burglary in the third degree of two businesses in Jefferson County in 1979, a violation of KRS 511.040 and 502.020. The matter was subsequently removed to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) [2] and 1446(c), upon the allegation by the defendant that he was acting under color of his office as a Special Agent of the FBI and within the scope of his employment as a employee of the United States when these crimes allegedly took place.

The first issue to be decided at this point is whether the defendant was, at the time

1. Article VI, paragraph [2], United States Constitution, provides in part:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

2. 28 U.S.C. § 1442 provides in part that:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States ... for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

of the alleged crime, "in the performance of an act which he is authorized by federal law to do as part of his duty," *Baucomb v. Martin,* 677 F.2d 1346, 1350 (11th Cir. 1982), citing *In re Neagle,* 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 (1890). Then, if that issue is resolved in favor of the officer, the Court must decide whether the conduct of the officer was "necessary and proper." *In re Neagle,* 135 U.S. at 75, 10 S.Ct. at 672.

Another preliminary issue needs to be decided, and that is whether the underlying facts are in substantial dispute, for, if they are, it would be inappropriate to decide this matter in a pretrial motion. *See Morgan v. California,* 743 F.2d 728 (9th Cir.1984).

Although the Commonwealth has alleged a factual dispute in its briefs, it presented no evidence, save the statement by the defendant to other FBI agents. The defendant did not testify, and two others, Delane "Red" Colvin and Eddie Dubin,[3] who were called as witnesses and who are alleged to have participated in one or both of the burglaries charged in the indictment, exerted their rights under the Fifth Amendment to the Constitution not to testify. Thus, the Court is left with an indictment, a statement from the defendant, and testimony from three other present or former FBI officers who know nothing directly about the case but who were familiar with the facts from what they had been told about the matter from the defendant or other persons. Thus, the statement by the defendant is undisputed, unless one can infer a dispute from the charge in the indictment itself.[4]

There are other exhibits which have been tendered to the Court by an organization known as the Better Government Association, which has moved the Court for leave to file an *amicus curiae* memorandum in opposition to the motion to dismiss. Attached to that tendered memorandum are certain exhibits, including a video tape that the Court has not reviewed, and a transcript of the trial of the witness Colvin in the United States District Court for the Eastern District of Missouri. The Court feels it should not consider this evidence, as it is not authenticated and was not introduced at the hearing. Moreover, the Better Government Association has cited no authority in support of its motion to intervene as *amicus curiae* and the Court feels it would not be proper for it to intervene in a criminal case at the trial level, as the parties are quite capable of arguing their own cases.

In his statement, Long has said that he was acting as a Special Agent of the FBI while using Colvin as an informant. Colvin apparently was the person, either alone or with others, who was involved in the burglaries alleged in the indictment. The prosecution has admitted that it could not prove that Long was directly engaged in the burglary, but only was an accomplice who gave Colvin permission to commit the burglary.

Long further stated that he gave Colvin permission to commit a burglary of Cummins Diesel Sales in Jeffersontown (Count 2 of the indictment) and knew it was being planned. He contradicted that earlier in his statement, however, when he said that he had "never instructed Colvin to commit crimes in the name of the FBI" and "never told Colvin he could steal under the guise of the FBI and sell stolen property and keep the profits." Later, he said, "At no time in my dealings with Colvin did I instigate, set up or instruct him to commit this burglary. I did not receive any money from this burglary or any other criminal activity." Even later, he added, "I never instructed Colvin to commit a burglary and never gave actual, verbal permission to Colvin in this matter."

Moreover, Colvin had told Long he had a stolen truck and was going to drive it to California with Ed Kendall, but Long was

---

3. The Commonwealth has asserted that these witnesses would testify at trial, but there is nothing before the Court to determine what their testimony will be.

4. However, it is a basic principle of law that an indictment is not evidence. *See United States v. Maselli,* 534 F.2d 1197 (6th Cir.1976).

unable to verify the accuracy of this truck's ever being stolen.

On the Cummins burglary, Colvin wanted Long to be a lookout, but Long refused. Long also knew there was a plan for the stolen parts from Cummins to be taken to California for sale. He was told by Colvin that Dupin would be the principal burglar in the Cummins job and that Colvin would have the warehouse keys. However, Long consistently told Colvin he should not enter the warehouse. On the other hand, Long did not tell Kentucky authorities that Colvin and Dupin had committed the Cummins burglary, but he did tell the Jefferson County Police Department that Colvin was an informant and that he was working with Long concerning the Cummins matter.

The defendant admitted he did not have authority from a superior in the FBI for Colvin's participation in the burglary, and knew he should have obtained this authority. However, Virgil Young, Assistant Section Chief of the Informant Unit, FBI, said that Long did not violate the so-called Levi[5] guidelines on use of informants. Moreover, John Collingwood, who once was on the Criminal Undercover Review Committee, for the FBI, conducted an independent investigation in this case and determined Long did not violate any criminal laws. However, Long was reprimanded and given administrative punishment for failing to follow the guidelines.

Based upon this evidence, the Court concludes the conduct of Special Agent Long was clearly in the performance of an act he was authorized to do as part of his duty. In addition, it was necessary and proper, in the investigation of Travis McAdams and others who were dealing in stolen vehicle parts. Long was not involved for profit or gain; he was only making a criminal investigation. The Commonwealth alleges he was motivated toward promotion within the ranks of the FBI, but that is a normal goal of any investigator. It has also claimed that he acted improperly when he sold a used car to Colvin for $700.00. Obviously, that was unwise, but it does not prove anything other than an acquaintance between Long and Colvin. Nothing in the record indicates that the price was too high or too low for a nine-year-old car.

Even if Long acted outside the guidelines by failing to report the informant to his superior or failing to obtain permission from his superior before the informant participated in the burglary, those are not grounds to charge Long with burglary. The test on what is "necessary and proper" is a subjective one and goes to whether the defendant reasonably thought his conduct was necessary and justifiable. *See Clifton v. Cox,* 549 F.2d 722, 728 (9th Cir.1977); *Connecticut v. Marra,* 528 F.Supp. 381, 387 (D.Conn.1981); *In re McShane,* 235 F.Supp. 262, 274 (N.D.Miss.1964).

Although this Court certainly does not wish to convey the impression that it condones burglaries, often federal agents will perform acts which on their face appear to be criminal acts under state law. Thus, homicide, *see In re Neagle* and *Clifton;* bribery, *see Marra* and *Baucom;* or the sale or purchase of narcotics, *see Baucom* at 1350, may be violations of state law, but if the conduct is necessary and proper and part of the agent's authorized duties, even when he uses poor judgment, he is protected by the Supremacy Clause of the Constitution. Therefore, the motion to dismiss will be sustained.

### JUDGMENT

In accordance with the memorandum of even date, it is hereby

ORDERED AND ADJUDGED AS FOLLOWS:

---

**5.** Adopted by Attorney General Edwin H. Levi on December 15, 1976, and still in effect during the time of the crimes alleged in the indictment, setting up general guidelines in the use of informants. One part of it is that the FBI is to instruct all informants that they should not use unlawful techniques, including breaking and entering, to obtain information for the FBI, and they shall not initiate a plan to commit criminal acts or participate in criminal activities of persons under investigation, except insofar as the FBI determines that such participation is necessary to obtain information needed for purposes of federal prosecution.

1. The motion by the Better Government Association to file an amicus curiae brief be and is denied.

2. The motion by the United States to strike the motion by the Better Government Association be and is denied as moot.

3. The motion by the defendant to dismiss be and is sustained, and this action be and is dismissed, and the defendant is exonerated from his bond.

This is a final and appealable Order, and there is no just reason for delay.