**PEOPLE OF PUERTO RICO, Plaintiff,**

v.

**Luis A. TORRES CHAPARRO, Defendant.**

**Civ. No. 90–1420 (PG).**

United States District Court, D. Puerto Rico.

June 7, 1990.

---

Antonio Fiol Matta, Dept. of Justice, Federal Litigation Div., San Juan, P.R., for plaintiff.

Miguel A. Fernández, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The matter pends before the Court pursuant to defendant Luis A. Torres Chaparro's petition for removal filed under §§ 1442(a)(1) and 1446 of Title 28 of the United States Code. Mr. Torres Chaparro is an officer of the United States who is presently being charged in the District Court of Puerto Rico, Fajardo Part, with six violations of the local Traffic Law which allegedly occurred while in the performance of his official duties as a federal employee. An evidentiary hearing was held on May 25, 1990, to determine the existence of a colorable federal defense in defendant's case as required by the doctrine of *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). The tale follows.

Defendant is a Marine Enforcement Officer with the United States Customs Service who on March 2, 1990, was conducting an operation at Puerto del Rey Marina in Ceiba, Puerto Rico, in conjunction with his supervisor, Resident Agent in Charge (R.A.C.) Juan A. Román. While conducting a search in a boat at approximately 2:00 P.M., the officers found 162 kilos of cocaine and R.A.C. Román ordered defendant Torres to go from Puerto del Rey Marina in Ceiba to Marina Puerto Real in Fajardo to get a G.S.A. van in which to transport the cocaine. The order required him to proceed as fast as possible since the fact that only one person was left to guard a sizable amount of cocaine posed a significant security risk.

Approximately one hour later, Mr. Torres was stopped by two police officers of the Police of Puerto Rico on Highway # 3 near the town of Fajardo. Mr. Torres identified himself as a U.S. Customs agent on official duties at the time. This fact notwithstanding, the police officers issued

a citation requiring Mr. Torres to appear in Court on March 4, 1990. Charges for every conceivable traffic violation were filed on March 7, 1990, and a trial date was set for March 30, 1990. Defendant filed the instant petition for removal on March 21.

■ The removal provision at issue in this case, 28 U.S.C. § 1442(a)(1), provides:

A civil or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue . . .

Neither the People of Puerto Rico nor defendant Torres quarrel over the fact that the latter is a "person acting under" an "officer of the United States or any agency thereof" within the meaning of § 1442(a)(1). The People do take exception, however, to whether Mr. Torres is being prosecuted for "act[s] [performed] under color of such office." Resolution of this issue requires us to turn to the United States Supreme Court's decision in *Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989).

In *Mesa* the Supreme Court set out to determine the meaning to be given to the phrase "under color of office" in the removal provision. After examining an unbroken line of decisions extending back nearly a century and a quarter, the Court concluded that with the use of such an expression Congress merely intended "to preserve the preexisting requirement of a federal defense for removal." *Mesa,* 109 S.Ct. at 968. Simply put, then, a federal officer's right of removal under § 1442(a)(1) is available whenever the officer seeking removal can allege the existence of a "colorable federal defense."

■ Turning to determine the existence of a colorable federal defense in defendant's case, we note that it was in *Cunningham v. Neagle,* 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 (1889), that the Supreme Court established a two prong test for determining whether a federal officer should be granted immunity from a state criminal charge when the alleged crime arose during the performance of his official duties. The first tine requires us to determine whether the federal officer was acting under the laws of the United States. The second, whether his conduct was necessary and proper in the performance of his duties. What is necessary and proper is a subjective measurement guided by whether a defendant reasonably thinks his conduct is necessary and justifiable. *Commonwealth of Kentucky v. Long,* 637 F.Supp. 1150 (W.D.Ky.1986). An error of judgment is *not* enough to establish criminal responsibility, *Clifton v. Cox,* 549 F.2d 722 (9th Cir.1977), but a federal officer loses his *Neagle* protection when he acts out of personal interest, malice, or with criminal intent, *Baucom v. Martin,* 677 F.2d 1346, 1350 (11th Cir.1982).

■ Applying these principles to the facts of this case, we have little trouble in concluding that defendant Torres Chaparro does in fact have a right to raise the defense of official immunity to the state charges which have been brought against him.[1] The fact that he was acting under

---

1. Plaintiff relies on language from *Mesa* (wherein the Court stated that petitioners in that case "ha[d] not and could not present an official immunity defense to the state criminal prosecutions brought against them" because, quoting from *Imbler v. Pachtman,* 424 U.S. 409, 429, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976), the Court "ha[d] never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law," *Mesa,* 109 S.Ct.

at 967), to allege that defendant in the case at bar could not, under any circumstances, present an official immunity defense. While these statements might have been applicable to the *Mesa* case, however, in the instant case they are truly beside the point. The *Mesa* petitioners, two mail truck drivers who incurred in a number of traffic violations, could not possibly allege immunity from criminal prosecution simply because their conduct did not meet the stan-

the laws of the United States cannot be the object of serious dispute. Given the nature of the security risk presented and the distance he was required to travel, the officer, in the exercise of his judgment, was justified in concluding that his actions were necessary and proper to the fulfillment of his duties. Any mistakes he made were errors of judgment which do not deprive defendant of immunity under the Supremacy Clause. Similarly, the evidence did not indicate that defendant acted out of personal interest, malice, or with criminal intent. This being so, the charges brought against him in the state courts cannot be allowed to stand. After all, and borrowing from the words of another judge, Commonwealth (or State) officials "cannot be given free rein to set parameters on federal officials in the execution of their responsibilities." *Commonwealth of Virginia v. Jeffrey N. Ponzio*, Miscellaneous No. 88–04 (October 28, 1988).

WHEREFORE, the matter having come before the Court for an evidentiary hearing to determine the existence of a colorable federal defense in defendant's case, the hearing having been duly held on May 25, 1990, and a decision having been filed on May 31, 1990, the Court hereby:

FINDS, that at all times relevant to this matter, defendant Luis A. Torres Chaparro was performing his duties as a Marine Enforcement Officer with the United States Customs Service,

ORDERS, that defendant Luis A. Torres Chaparro is entitled to federal inmunity under the Supremacy Clause of the Constitution of the United States, and further ORDERS, that the plaintiff's prosecution be hereby dismissed, and that the defendant be hereby discharged.

IT IS SO ORDERED.

dards for federal officer immunity from state prosecution established by the Supreme Court in *Neagle*. It similarly hardly required comment that any civil immunity they might have been entitled to afforded them no relief for the defense of the criminal charges that against them had been brought. In cases like the one at bar, however, where defendant is entitled to *Neagle* protection, the above cited language from *Mesa* avails them naught.