**Richard Eugene BRYMER, Petitioner,**

**v.**

**Jim H. ROSE, etc., et al., Respondents.**

**Civ. A. No. 3–83–0271.**

United States District Court,
M.D. Tennessee,
Nashville Division.

April 8, 1983.

**320**

Richard E. Brymer, pro se.

Robert Grunow, State Deputy Atty. General, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDERS AND CERTIFICATE *

NEESE, Senior District Judge, sitting by designation.

The petitioner Mr. Richard E. Brymer, in custody of the respondent-warden within this District, see 28 U.S.C. § 2254(d), pursuant to the judgment of May 1, 1979 of the Criminal Court of Hamilton County, Tennessee, division no. II, claims *pro se* he is in such custody in violation of the Constitution, Sixth, Eighth and Fourteenth Amendments. 28 U.S.C. § 2254(a). Annexed to such petition is the affidavit of the applicant that he is unable to pay the costs hereof or give security therefor and his statement of his belief that he is entitled to redress, 28 U.S.C. § 1915(a); therefore, he hereby

AUTHORIZED to commence and prosecute this proceeding without prepayment of

* Affirmed (6th Cir., order of March 19, 1984 in no. 83–5297)

fees and costs or giving security therefor. *Id.*

The applicant claims [1] he is serving a life sentence as an habitual criminal under a statute of Tennessee which inflicts cruel and unusual punishment. "* * * [C]ruel and unusual punishment [shall not be] inflicted." Constitution, Eighth Amendment, *supra*.

The Habitual Criminals Act of Tennessee, T.C.A. §§ 39–1–801, *et seq.*, under which the applicant is in custody, " * * * is not unconstitutional as inflicting cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States [, *supra* ]. * * *" *Pearson v. State*, 521 S.W.2d 225, 229[7] (Tenn. 1975). " * * * [T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge [footnote reference omitted]. * * * " *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962).

The applicant contends also that he was deprived of his federal right to the assistance of counsel for his defense because the assistance rendered him was ineffective. In all criminal prosecutions, the accused shall enjoy the right " * * * to have the Assistance of Counsel for his defence." Constitution, Sixth Amendment. This is a fundamental part of the "due process of law" guaranteed in the criminal courts of Tennessee and other states by the Constitution, Fourteenth Amendment, § 1. *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532[2], 45 L.Ed.2d 562 (1975).

The right to counsel is the right to the effective assistance of competent counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970). The applicant must have been represented by counsel reasonably likely to have rendered and who rendered reasonably effective assistance. *United States v. LaRiche*, 549 F.2d 1088, 1095[11] (6th Cir.

1. The applicant alleges six grounds for relief but states only two viable claims therefor.

1977), *cert. den.*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977).

In *Richard E. Brymer*, petitioner, v. *State of Tennessee*, respondent, no. 146917 in the Criminal Court of Hamilton County, Tennessee, a determination was made, after a hearing on the merits of the factual issue of whether the applicant had the effective or ineffective assistance of trial-counsel, that such assistance was effective. This is evidenced by the written opinion of November 12, 1982 in *State of Tennessee*, appellee, *v. Richard E. Brymer*, appellant, no. 787 (Hamilton County) in the Court of Criminal Appeals of Tennessee, application for permission to appeal denied January 24, 1983 in *State of Tennessee*, plaintiff-appellee, *v. Richard E. Brymer*, defendant-appellant, C.C.A. no. 797 (Hamilton County) in the Supreme Court of Tennessee. ("The trial court found that counsel's services were within the standard of *Baxter v. Rose*,[2] 523 S.W.2d 930 (Tenn.1974).")

 That factual determination is presumed to be correct. 28 U.S.C. § 2254(d). The applicant does not claim, the respondent has not admitted, and it does not appear otherwise, that any one or more of the situations delineated in 28 U.S.C. § 2254(d)(1)–(8) was extant.

The applicant has not even claimed that he can carry his burden of establishing by convincing evidence that such factual determination was erroneous. Thus, this Court may not exceed the limitation imposed by the Congress through the enactment of 28 U.S.C. § 2254(d), *supra*, and review the correctness of the finding. *Sumner v. Mata*, 449 U.S. 539, 547, 547–550, 101 S.Ct. 764, 769, 769–770[6], 66 L.Ed.2d 722 (1981).

As on preliminary consideration it appears plainly from the face of the petitioner's application and exhibits annexed thereto that he is entitled to no relief in this Court, Rule 4, 28 U.S.C. fol. § 2254, this Court is required by law to dismiss his

**2.** *Baxter v. Rose, supra,* adopted the same standard as that adopted by our federal Court of

petition, *id.* Accordingly, it hereby is ORDERED:

(1) that such petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and,

(3) that the clerk serve forthwith by certified mail a copy of the petition herein and of this order on the respondent-warden and the attorney general and reporter of Tennessee, each, *id.*

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P. As only questions of law are implicated, the instant interpretation of which included subjective considerations, such certificate, in that event, WILL issue. *Id.*

Appeals. *Cf. Baxter* with *Beasley v. United States*, 491 F.2d 687 (6th Cir.1974).