787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD E. BRYMER, Petitioner-Appellant,
vs.
MICHAEL DUTTON, et al., Respondents-Appellees.
 85-5520
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 Before KEITH and GUY, Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Brymer appeals from the district court dismissal of two habeas petitions filed pursuant to 28 U.S.C. Sec. 2254. In 1983, Brymer had an earlier petition for habeas dismissed on its merits. Brymer v. Rose, 582 F. Supp. 319 (M.D. Tenn. 1983), aff'd., 732 F.2d 153 (6th Cir. 1984), cert. denied, ---- U.S. ---- (1985). The instant petitions were viewed by the trial court as containing claims deliberately not raised in Brymer's first petition, and the court construed these subsequent petitions to be 'an abuse of the writ' and dismissed pursuant to Rule 9(b), 28 U.S.C. foll. Sec. 2254. After careful review we conclude that the district court's dismissal was inappropriate and we reverse.
 
 I.
 
 2
 On May 1, 1979, Brymer was convicted in the Criminal Court of Hamilton County, Tennessee, of receiving stolen property of a value over one-hundred ($100.00) dollars, and being an habitual criminal. Brymer appealed this conviction. On October 2, 1979, Brymer plead guilty to a series of unrelated offenses under a plea bargain which provided, inter alia, that he would dismiss the pending appeal from his May 1, 1979 conviction. On October 15, 1979, the appeal was dismissed. Notwithstanding this voluntary dismissal, Brymer, in 1981, filed a petition for post-conviction relief which was dismissed on January 25, 1982. Subsequent to this dismissal, Brymer filed his first habeas petition on April 8, 1983. This initial petition claimed that Tennessee's Habitual Criminal Act was unconstitutional and also that petitioner was deprived of the effective assistance of counsel at trial. The district court dismissed the petition that same date, finding no merit to either claim. 582 F. Supp. at 319.
 
 
 3
 On April 19, 1985, Brymer filed two new petitions for habeas corpus.[1] These petitions challenged the Tennessee state court convictions which were the predicate for his 1979 habitual criminal conviction.[2] Case No. 85-0502 attacks a 1976 Warren County, Tennessee, conviction for concealing stolen property under the value of $100.00, and Case No. 85-0503 attacks a 1976 Van Buren County, Tennessee, conviction for burglary in the third degree.
 
 
 4
 Noting that these convictions under attack pre-dated Brymer's first habeas petition, the district court, on April 24, 1985, issued a memorandum opinion in which Brymer was ordered to show cause why his petition should not be dismissed since his failure to include grounds in his first petition which were available at that time constitutes an abuse of the writ. 28 U.S.C. foll. Sec. 2254; Rule 9(b). Brymer filed a timely response to the order to show cause and essentially indicated that at the time his first habeas was filed he had not exhausted his state remedies on the issues he raised in his second and third petitions. The district court was not 'satisfied' with Brymer's explanation and, on May 22, 1985, entered an order of dismissal. The order of dismissal included a certificate of probable cause in the event Brymer appealed 'because of the necessarily subjective nature of this court's finding herein.'
 
 II.
 
 5
 Notwithstanding that both state and federal courts are flooded with petitions for post conviction relief, Brymer's odyssey through the state court system appears to be an extreme example of delay. Both of Brymer's petitions for post conviction relief were filed in the state court in 1979.[3] Receiving no hearing or other definitive action, Brymer filed a writ of mandamus in each case in 1980. The only action that has occurred to date in either case was the appointment of separate counsel in each case to represent petitioner (1982).
 
 
 6
 Brymer's first habeas petition did not attack the two convictions which were the predicate for his habitual criminal conviction and which are the subject of his second and third petitions. Since he was in the process of aggressively attempting to exhaust his state remedies relative to these two earlier convictions at the time he filed his first habeas petition, we agree with the reasoning of the Fifth Circuit which held in similar circumstances:
 
 
 7
 To determine whether given conduct constitutes abuse of the writ, however, reference to pre-Rule 9 case law is necessary. Rule 9(b) did not in any way change the standards that govern habeas corpus petitioners in the federal courts. Rather, the Rule restates principles that had previously been judicially developed.
 
 
 8
 The Supreme Court in Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963), announced that 'full consideration of the merits [of a habeas corpus petitioner's allegations] can be avoided only if there has been an abuse of the writ . . ..' As enacted by Congress, Rule 9(b) codifies the standard of Sanders.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 The Sanders Court spoke of a circumstance in which abuse of the writ is present. '[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application . . . he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground.' 373 U.S. at 18, 83 S.Ct. at 1078 (emphasis added). However, from Sanders' incorporation of the standards of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, see 373 U.S. at 18, 83 S.Ct. at 1078 (1963), it is clear that such conduct will be an abuse of the writ only if due to 'inexcusable neglect,' Townsend, supra, 372 U.S. at 317, 83 S.Ct. at 759, or because of "an intentional relinquishment or abandonment of a known right, or privilege," Fay, supra, 372 U.S. at 439, 83 S.Ct. at 849, quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
 
 
 12
 Paprskar v. Estelle, 612 F.2d 1003, 1005-06 (5th Cir. 1980).
 
 
 13
 In the present case we are unable to conclude that there was either inexcusable neglect or deliberate withholding of a ground for relief and find the district court to be clearly erroneous in so finding. Brymer cannot be held responsible for the delay in the state court proceedings and, since at the time Brymer filed his first petition for habeas he had finally had counsel appointed to represent him in his state proceedings, he cannot be faulted for not alleging 'futility' and abandoning further state action in favor of federal habeas proceedings.[4]
 
 
 14
 The district court's order of dismissal is reversed and this case is remanded to the district court for further proceedings.[5]
 
 
 
 *
 Honorable Anna Diggs-Taylor, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Although apparently filed together, the petitions themselves bear different dates: No. 85-0502, April 4, 1985, and No. 85-0503, March 8, 1985
 
 
 [2]
 The law is clear that if the predicate convictions on which a state habitual criminal sentence is based are invalid, the habitual criminal conviction is subject to collateral attack and vacation
 
 
 [3]
 February 13, 1979, for the Van Buren County conviction and September 14, 1979 for the Warren County conviction
 
 
 [4]
 28 U.S.C. Sec. 2254(b) provides that an applicant for habeas must either have exhausted his state remedies or demonstrate that there exist 'circumstances rendering such process ineffective. . . .'
 
 
 [5]
 Since Brymer apparently has still not exhausted his state remedies which regard to the issues raised in his second and third habeas petitions, we make no comment on whether he can meet the Sec. 2254 requirement of futility in lieu of exhaustion since that issue was not raised in this appeal