936 F.2d 572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard E. BRYMER, Petitioner-Appellant,
v.
Michael DUTTON, Respondent-Appellee.
 No. 89-6102.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment dismissing two petitions for habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. We shall affirm the judgment of dismissal as to both petitions.
 
 
 2
 * A. The State Court Convictions
 
 
 3
 On May 4, 1976, petitioner-appellant Richard Brymer pleaded guilty to third-degree burglary in Case No. 877 on the docket of the Van Buren County, Tennessee, Circuit Court. On that same day, in Warren County, Tennessee, Circuit Court Case No. F-3136, Mr. Brymer pleaded guilty to concealing stolen property. His pleas were accepted in a single proceeding by Judge Charles Haston of the Warren County Circuit Court. Judge Haston sentenced Mr. Brymer to imprisonment for 3-5 years on the burglary charge and 1-3 years on the charge of concealing stolen property.
 
 
 4
 Three years later, in 1979, Mr. Brymer was convicted in the Criminal Court of Hamilton County, Tennessee, of receiving stolen property. Because of his two prior convictions, he was sentenced to life imprisonment under Tennessee's Habitual Criminal Act, T.C.A. Secs. 39-1-801 et seq.
 
 B. Petitions for Post-Conviction Relief
 
 5
 On March 7, 1979, Mr. Brymer filed a petition for post-conviction relief in which he challenged his 1976 conviction in Van Buren County. The state failed to file a responsive pleading, and Mr. Brymer filed a second petition in Van Buren County on or about October 1, 1982. The state finally filed a response in November of 1983. The Tennessee trial court dismissed the petition in September of 1985, and Mr. Brymer did not appeal.
 
 
 6
 On September 14, 1979, Mr. Brymer filed a petition for post-conviction relief in which he challenged his 1976 conviction in Warren County. After waiting several months for the state's reply, Mr. Brymer sought a writ of mandamus in the Court of Criminal Appeals. That court responded by writing a letter, dated May 20, 1980, to the clerk of the Warren County court. The letter read:
 
 
 7
 "We are in receipt of a 'Petition for Writ of Mandamus' from the above named individual wherein it is alleged that there is pending in your court a post-conviction petition filed on his behalf. Please advise is such petition pending and, if so, the present status of same."
 
 
 8
 The copy of the letter in the record contains the following marginalia, apparently written by the clerk of the Warren County court:
 
 
 9
 "Petition is pending. Steve Roller has been appointed as Richard Brymer['s] attorney. Case has not been set for court."
 
 
 10
 The state filed its answer to Mr. Brymer's petition on June 20, 1980, but it was not until October 22, 1986, that the trial court entered a nunc pro tunc order dismissing the petition on its merits as of September 15, 1986. Again Mr. Brymer failed to appeal.
 
 C. The Proceedings in Federal Court
 
 11
 Mr. Brymer filed a federal habeas corpus petition in 1983. This petition claimed that Tennessee's Habitual Criminal Act was unconstitutional and that he had been deprived of effective assistance of counsel at his 1979 trial. The district court dismissed the petition, finding no merit to either claim, and we affirmed the dismissal. See Brymer v. Rose, 582 F.Supp. 319, 321 (M.D.Tenn.1983), aff'd, 732 F.2d 153 (6th Cir.1984), cert. denied, 469 U.S. 1111 (1985).
 
 
 12
 On April 19, 1985, Mr. Brymer filed two new petitions for habeas corpus. Petition number 85-0502 attacked his conviction in Warren County, and petition number 85-0503 challenged his conviction in Van Buren County.
 
 
 13
 Noting that the challenged convictions antedated the first federal habeas petition, the district court issued a memorandum opinion in which Mr. Brymer was ordered to show cause why the subsequent habeas petitions should not be dismissed for abuse of the writ. Mr. Brymer filed a timely response, stating essentially that at the time his first petition was filed he had not exhausted his state remedies on the issues raised in petitions 85-0502 and 85-0503. Not satisfied with Mr. Brymer's explanation, the district court dismissed both petitions in May of 1985. We reversed the dismissal, observing that "we are unable to conclude that there was either inexcusable neglect or deliberate withholding of a ground for relief...." Brymer v. Dutton, No. 85-5520, slip op. at 5 (6th Cir. March 4, 1986).
 
 
 14
 On remand, the cases were referred to a United States magistrate "for consideration of [their] frivolous nature, and further proceedings, if necessary...." The magistrate recommended that petition No. 85-0503 (Van Buren County) be dismissed for failure to exhaust state remedies, but that petition No. 85-0502 (Warren County) be heard on its merits. The district court accepted both recommendations.
 
 
 15
 Some months thereafter, Mr. Brymer filed yet another habeas petition. This petition--assigned docket number 87-0583--again challenged the 1976 conviction in Van Buren County. The district court ordered consolidation of the two habeas proceedings then pending.
 
 
 16
 After a hearing, the magistrate again recommended that the Van Buren County petition be dismissed for failure to exhaust state remedies. He also recommended entry of judgment in favor of the defendant in the Warren County matter. The district court adopted both recommendations, and this appeal followed.
 
 II
 A. The Van Buren County Petition (87-0583)
 
 17
 Mr. Brymer argues that the district court erred in dismissing his most recent petition (1) because the state trial court took an inordinate amount of time to dispose of his claims for post-conviction relief, and (2) because the attorney representing him during those post-conviction proceedings did not render effective assistance. Neither of these contentions is persuasive.
 
 28 U.S.C. Sec. 2254(b) provides:
 
 18
 "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."
 
 
 19
 This language requires that a prisoner exhaust all available state remedies prior to filing a federal petition for habeas corpus. Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). Although the Supreme Court has held that the exhaustion requirement is a matter of federal-state comity rather than a jurisdictional limitation on the power of federal courts, Strickland v. Washington, 466 U.S. 668, 684 (1984), it is only in those rare cases where "it is clear that the state court will not 'correct' the alleged wrong or 'vindicate' the federal right [that] the return to state court does not further the state's interests." Matlock v. Rose, 731 F.2d 1236, 1240 (6th Cir.1984) (emphasis supplied), cert. denied, 470 U.S. 1050 (1985).
 
 
 20
 We agree with Mr. Brymer that the Tennessee trial court took an inordinate amount of time to process his petitions for post-conviction relief. We see no reason, however, to impute a similar inefficiency to the Court of Criminal Appeals. Once the state trial court denied his second petition, Mr. Brymer should have appealed that decision pursuant to T.C.A. Sec. 40-30-122. His failure to do so bars him from obtaining habeas corpus relief in a federal forum.
 
 
 21
 As to Mr. Brymer's second claim--that his failure to appeal should be excused because the attorney who represented him rendered ineffective assistance--the short answer is that the Sixth Amendment's guarantee of the assistance of counsel for the defense of criminal cases does not extend to collateral proceedings. Moronihah v. Parke, 835 F.2d 878 (6th Cir. December 11, 1987), cert. denied, 488 U.S. 844 (1988); Kirby v. Dutton, 794 F.2d 245, 246 n. 1 (6th Cir.1986).
 
 B. The Warren County Petition (85-0502)
 
 22
 Mr. Brymer alleged in Case No. 85-0502 that he had been denied the effective assistance of counsel and that his plea of guilty was not voluntary.
 
 
 23
 The Supreme Court's decision in Strickland, 466 U.S. at 687, makes it clear that the burden of proving ineffective assistance rested with Mr. Brymer:
 
 
 24
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 
 
 25
 Mr. Brymer failed to offer evidence sufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689, and his claim of ineffective assistance was properly rejected.
 
 
 26
 With regard to the involuntary plea question, the burden rests upon the state to show "that the defendant voluntarily and understandingly entered his plea[ ] of guilty." Boykin v. Alabama, 395 U.S. 238, 244 (1969). To presume voluntariness "from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, ... that the defendant voluntarily and understandingly entered his plea[ ] of guilty." Id. at 242-244 (citations omitted).
 
 
 27
 We believe that the state has met its burden of proof here. There is no transcript of the plea proceeding, but the record is far from "silent." The guilty plea itself--signed by Mr. Brymer, his appointed counsel, the district attorney general, and Judge Haston--states that Mr. Brymer was "fully advised by the court of the charges against him"; that his attorney "has fully informed him of all of his rights and has explained them in detail"; that "a full explanation of his rights was made to him in open court"; and that he "still desires to enter a plea of guilty." In addition, Judge Haston testified by way of deposition that although he had no independent recollection of Mr. Brymer's plea, it was his usual practice to follow a "specific protocol" in order to be "satisfied that the plea is freely and voluntarily made." On these facts, the district court did not err in rejecting Mr. Brymer's allegation of an involuntary plea.
 
 
 28
 AFFIRMED.
 
 
 29
 NATHANIEL R. JONES, Circuit Judge, dissenting in part and concurring in part.
 
 
 30
 Brymer argues that his guilty plea in 1976 was not voluntary, and thus a violation of his due process rights under the fourteenth amendment. He states that he pled guilty only because promises and threats were made by law enforcement officials to the effect that a guilty plea would receive a sentence of probation. Brymer also argues that he did not waive his constitutional rights. The majority finds that the state has demonstrated the voluntariness of Brymer's guilty plea in the Warren County case through two pieces of evidence: (1) Brymer's signature at the bottom of a form containing boilerplate waiver language, and (2) the testimony of the state trial judge that, although he could not remember any of the circumstances surrounding Brymer's plea, his "routine practice" was to orally advise defendants of their rights to ensure that guilty pleas were voluntary. In my view, however, the government has not met its burden of demonstrating the voluntariness of Brymer's guilty plea. I would find Brymer's guilty plea in the Warren County case to be involuntary due to the "silent record". Boykin v. United States, 395 U.S. 238, 243 (1969). Thus, I dissent from that portion of the majority opinion finding that the government has met its burden of demonstrating the voluntariness of the plea.
 
 
 31
 In Boykin, the Supreme Court addressed the validity of a guilty plea when the record is silent as to the voluntariness of the plea:
 
 
 32
 Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.
 
 
 33
 Boykin, 395 U.S. at 243 (citations omitted).
 
 
 34
 In the absence of a record revealing a colloquy between the state trial judge and Brymer, this court must decide if Brymer's signature on the boilerplate plea of guilty form, along with the state trial judge's recollection that he generally advised defendants of their rights, is sufficient to erase questions about the voluntariness of Brymer's plea.
 
 
 35
 This court recently applied Boykin in a case involving a habeas petition:
 
 
 36
 There is no dispute to [defendant's] assertion that these three convictions lack accompanying transcripts evincing his voluntary waiver of his right to a jury trial, his right not to incriminate himself, and his right of confrontation. When this is the case, the rule of Boykin is clear: "We cannot presume a waiver of these important federal rights from a silent record." Thus, the convictions cannot be presumed valid and may not be used against a defendant.
 
 
 37
 Rudolph v. Parke, 856 F.2d 738, 740 (6th Cir.1988) (citations omitted). In the instant case, as in Rudolph v. Parke, a state court accepted a defendant's guilty plea without a record of the proceedings in which the guilty plea was offered. In such a case, a reviewing federal court is unable to determine whether the guilty plea is voluntary under the federal constitution. See McCarthy v. United States, 394 U.S. 459, 464 (1969) (Fed.R.Crim.P. 11 "expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea.").
 
 
 38
 The government's burden of proof may be met by furnishing a copy of the plea proceedings. See United States v. Taylor, 882 F.2d 1018, 1031 (6th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990) (rejecting a Boykin challenge because government provided a copy of the guilty plea proceedings.). In my view, Brymer's signature on the guilty plea form, standing alone, should not be sufficient to satisfy the government's burden. As to the self-serving recollections of the state trial judge, this court should not merely assume Brymer was properly counseled based on the judge's "routine practice" when the judge is unable to remember any of the events surrounding Brymer's guilty plea. It is precisely because deviations from "routine practice" occur that Congress has authorized federal habeas corpus review of state court proceedings.
 
 
 39
 "[A] guilty plea is a grave and solemn act to be accepted only with care and discernment[.]... Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Given the "silent record", Boykin, supra, of the 1976 proceedings, I would find that Brymer's guilty plea was invalid and therefore should not be used against him.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation